**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **CHRISTOPHER B. YOUNG,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | **Civil Action No. 4:25-cv-0810-P-BJ** |
| | § | |
| **ALAN WHEELER, *et al.*,** | § | |
| | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

In July 2025, *pro se* Plaintiff Christopher B. Young filed a civil complaint, which was referred to the undersigned for judicial screening pursuant to 28 U.S.C. § 636(b) and Special Order 3. ECF Nos. 1, 2. The findings, conclusions, and recommendation of the United States Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS

A.    NATURE OF THE CASE

This case is a new civil action.

B.    PARTIES

Christopher B. Young is the plaintiff. He names Alan Wheeler and Suzan Johonson Foster as the defendants.

C.    LEGAL ANALYSIS

To proceed with a civil action in this Court, a plaintiff must either pay the $405 filing and administrative fees or be granted permission to proceed *in forma pauperis* (IFP). *See* 28 U.S.C. §§ 1914, 1915. When Plaintiff filed his complaint, he did not pay the requisite fees or file an IFP application. On August 5, 2025, the Court ordered Plaintiff to, within 30 days, either pay $405 to the clerk of Court or file a long-form IFP application. ECF No. 4. The Court mailed Plaintiff a copy of the

IFP application form necessary to comply. Additionally, the Court warned Plaintiff that failure to timely comply with its order could result in dismissal of this case without further notice under Federal Rule of Civil Procedure 41(b). *Id.*

Rule 41(b) permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).

The clerk of Court's July 31 Instructions to a Non-Prisoner *Pro Se* Plaintiff (ECF No. 3) and the Court's August 5 order (ECF No. 4) were mailed to Plaintiff at the P.O. Box address he provided on the USPS envelope he used to mail his complaint to the Court, which is difficult to decipher. ECF No. 1 at 11. Both documents were recently returned to the Court as undeliverable due to "no mail receptacle." ECF Nos. 5, 6.

To date, Plaintiff has not provided the clerk of Court an updated or operating mailing address, which is required. *See* N.D. Tex. Civ. R. 83.13, 83.14. And he has not otherwise attempted to communicate with the Court about his case since July. If the clerk of Court erred in deciphering the mailing address Plaintiff provided, it nevertheless remains Plaintiff's obligation to notify the clerk of Court and otherwise pursue his case. Regardless, at this juncture, because Plaintiff's preliminary filing deficiencies remain outstanding and the Court is unable to communicate with him about his case, this case should not be allowed to proceed. Because Plaintiff has not paid the requisite fees, filed an IFP application, or provided the Court a proper mailing address, this case is subject to dismissal for lack of prosecution under Rule 41(b).

<u>RECOMMENDATION</u>

It is therefore **RECOMMENDED** that Plaintiff's complaint be **DISMISSED** for lack of prosecution, without prejudice to being refiled. *See* Fed. R. Civ. P. 41(b).

<u>NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS, AND
RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT</u>

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute* 28 U.S.C. § 636(b)(1) (extending the deadline to file objections from ten to fourteen days).

It is further **ORDERED** that the above-styled and numbered action, previously referred to the undersigned for findings, conclusions, and recommendation, be and is hereby, **RETURNED** to the docket of the United States District Judge.

It is so **ORDERED** on September 5, 2025.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE